**Clifford GREENE, Plaintiff–Appellant,**

v.

**ROBERT HALF INTERNATIONAL, INC., Defendant–Appellee.**

No. 06–35828.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Clifford Greene, Bellevue, WA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Valerie Hughes, Esq., Laura Marie Solis, Esq., Perkins Coie, LLP, Seattle, WA, for Defendant–Appellee.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Clifford Greene appeals pro se from the district court's grant of summary judgment in favor of Robert Half International, Inc. ("RHI") in Greene's action alleging age discrimination and retaliation in violation of federal and state statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

RHI presented evidence that it discontinued representating Greene because he was not competitive with applicants seeking similar legal positions, and because he demonstrated an unprofessional demeanor. Summary judgment was proper because Greene failed to provide specific and substantial evidence creating a genuine issue of material fact as to whether RHI's proffered reasons for discontinuing representation were pretext for age discrimination. *See Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir.2005) (plaintiff must provide specific and substantial evidence to defeat summary judgment).

Summary judgment was also proper on Greene's retaliation claim because he failed

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to produce specific and substantial evidence creating a genuine issue of material fact as to whether there is a causal link between Greene's complaint and the RHI legal division's previously established plan to discontinue representing him. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 797 (9th Cir.1982) (adverse employment action process which commenced before the employee engaged in protected activity does not constitute unlawful retaliation).

Greene's remaining claims lack merit.

All pending motions are denied.

**AFFIRMED.**